(September 20, 1918.)

THE VILLAGE OF COUNCIL, a Municipal Corporation, Respondent, v. THE UNITED STATES FIDELITY & GUARANTY COMPANY, a Corporation, Appellant.

[175 Pac. 44.]

EVIDENCE—EXHIBITS—IDENTIFICATION OF—CONTRACT.

1. In an action upon a bond for the faithful performance of a construction contract, where there is sufficient evidence that certain items are lienable, the liens are admissible in evidence.

2. A provision in such a contract "that the contractor agrees to pay all expenses, such as engineering, supervision, and inspection,

that the village or its engineer may be put to by reason of the work not being completed at the time specified in the contract," does not contemplate any liability on the part of the construction company or the bonding company for engineering services rendered prior to the breach of the contract.

3. In such an action testimony which shows clearly that certain sums were expended by the obligee in completing the contract in accordance with the plans and specifications is sufficient to make a *prima facie* case against the bonding company.

APPEAL from the District Court of the Seventh Judicial District, for Adams County. Hon. Carl A. Davis, Presiding Judge.

Action upon a bond for the faithful performance of a contract. Judgment for plaintiff *affirmed as modified.*

J. T. Pence and Stinson & McCallum, for Appellant.

Assuming that the village is entitled to be recompensed for what it was compelled to pay by reason of its completing the contract, all that could be allowed would be the salary of the engineer from April 24th on. Any allowance for engineering services prior to that time cannot be allowed. (*Cornish v. Suydam,* 99 Ala. 620, 13 So. 118; 9 Cyc. 595.)

"The proof must go to the items unless an implied or expressed assent to the correctness of the account can be shown." (*Coats v. Gregory,* 10 Ind. 345.)

L. L. Burtenshaw and B. S. Varian, for Respondent, cite no authorities.

BUDGE, C. J.—This is an action by the respondent, the Village of Council, a municipal corporation, against appellant, United States Fidelity & Guaranty Company, a corporation, as surety on a bond given by the Phelps Construction Company, a corporation, to secure the faithful performance of a contract to construct a water system for the respondent. The cause was tried to a jury and a verdict rendered for respondent and judgment entered accordingly for the sum of $3,408.47. This appeal is from the judgment.

The specifications of error attack the admissibility of certain exhibits admitted in evidence, the sufficiency of the evidence to sustain the verdict and the judgment.

It appears that the construction company did not complete its contract and respondent was compelled to, and did, take over and complete the work. The appellant upon the trial by stipulation admitted a liability of $656.29 with respect to certain items, and proof was offered as to the remainder.

The evidence shows that the respondent paid liens in the amount of $139.99. The first specification of error questions the validity of these items. The evidence shows that the village paid this amount to satisfy the liens which had been filed, and, notwithstanding Phelps' testimony that nothing was due the laborers who filed these liens, for the reason that he had agreed to pay them twenty-five cents an hour, with a contingent stipulation in this agreement that if they would stay until the work was completed they were to have thirty-five cents an hour, their board and railroad fare, and that they had left the work before completion and were only entitled to the twenty-five cents an hour, which had all been paid, the record discloses that although the Phelps Construction Company abandoned the work these men remained on the job for some time after the village took over the work. We are satisfied, when all the evidence on this point is considered, that the items were lienable and that the village was authorized under the provisions of the contract with respect thereto to make the payment.

The court admitted in evidence warrants showing payments to the engineer from January 1, 1916, to the middle of June, 1916, aggregating $802.50. It is contended by appellant that its liability for the engineer's services did not begin until April 24, 1916, when the village took over the work. The construction contract was specifically made a part of the appellant's contract; the latter clause of paragraph 3 thereof is as follows:

"It is expressly understood that the contractor agrees to pay all expenses, such as engineering, supervision, and in-

spection, that the village or its engineer, may be put to by reason of the work not being completed at the time specified in the contract, . . . . ."

It is apparent that this provision of the contract does not contemplate any liability on the part of the construction company or the bonding company for engineering services prior to the time that the village was compelled to take over and complete the work, and appellant's contention in this regard must be sustained. The engineering expenses from April 24th until the construction was completed amounted to $375, and the jury should not have been permitted to consider the warrants paid to the engineer for services rendered prior to April 24th.

The remaining assignments of error relate to the exhibits admitted showing the itemized cost of completing the work. Exhibit "H" consists of four warrants aggregating $1,740.69 paid by the village to R. J. Wood, city engineer. Wood's testimony shows clearly that this sum which was paid to him by the village was by him disbursed in payment of the expenses incurred in completing the water system in accordance with the plans and specifications, which is sufficient to make a *prima facie* case against the bonding company for this amount. The exhibits, to the admission of which exception is taken, comprise the itemized bills attached to checks signed by R. J. Wood, city engineer, and purporting to show the various items for which this amount was expended in the completion of the work. There are a great many of them, and very few were identified or specifically referred to in the evidence, and they must be disregarded for that reason, but the warrants which were properly introduced and the testimony of Mr. Wood were sufficient to establish the claim in the first instance.

In addition to the $1,740.69, the evidence shows that two other items were paid to Carter & Andrews by the village for repairing the reservoir, in an aggregate amount of $135. There is no dispute in the evidence as to these items.

To sum up, then, the items which the record shows respondent was entitled to recover are as follows:

| | |
|---|---|
| Admitted by stipulation | $ 656.29 |
| Liens | 139.99 |
| Engineer's fees | 375.00 |
| Completing the contract | 1,740.69 |
| Repairing reservoir | 135.00 |

Making a total of.................$3,046.97

which respondent is entitled to recover.

The judgment will be modified accordingly and as so modified is affirmed. Costs awarded to appellant.

Morgan, J., concurs.

Rice, J., sat at the hearing, but, deeming himself disqualified, did not participate in the decision.